IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JERRY BLANEY, #01519197, <br><br> Petitioner, <br><br> v. <br><br> DIRECTOR, TDCJ-CID, <br><br> Respondent. | § § § § § § § § § § § <br><br> No. 3:23-cv-01185-X (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Jerry Blaney, a state prisoner, filed this *pro se* "Civil Suit," Pet. 1 (ECF No. 3), which the Court construes as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See* Pet. 1 (ECF No. 3) (claiming he "was illegally tried"); Pet. 6 (ECF No. 3) (as a remedy, he seeks to be "released from prison today"); *see also Arreola-Amaya v. Fed. Bureau of Prisons*, 623 F. App'x 710, 710 (5th Cir. 2015) (per curiam) ("[A] challenge to the validity of a state conviction or sentence must be brought pursuant to 28 U.S.C. § 2254.") (citing *Felker v. Turpin*, 518 U.S. 651, 662 (1996)). For the following reasons, the Court should transfer Blaney's habeas petition to the Fifth Circuit Court of Appeals as successive.

1

I.

Blaney was convicted of aggravated sexual assault of a child and sentenced to life imprisonment. In 2009 and 2010, he filed two unsuccessful motions for leave to file an application for a writ of habeas corpus in the Texas Court of Criminal Appeals (CCA). *See Ex parte Blaney*, WR-72, 873-01 (Tex. Crim. App. Oct. 28, 2009); *Ex parte Blaney*, WR-72, 873-02 (Tex. Crim. App. Dec. 1, 2010). Blaney appealed his conviction and sentence, and the CCA affirmed. *See Blaney v. State*, No. 05-08-1049-CR, 2011 WL 94704 (Tex. App. -Dallas, Jan. 12, 2011, no pet.).

Thereafter, Blaney filed numerous federal habeas petitions that were dismissed without prejudice for failing to exhaust state court remedies. *See, e.g., Blaney v. 203rd Judicial Court*, 3:08-cv-637-G, 2008 WL 2790818 (N.D. Tex. July 17, 2008); *Blaney v. State of Texas*, 3:08-cv-1382-L, 2008 WL 4791865 (N.D. Tex. Oct. 30, 2008). He then filed an application for state habeas relief, but it was denied without a written order. *See Ex parte Blaney*, WR-72, 873-03 (Tex. Crim. App. Jan. 16, 2013).

On March 4, 2013, at the earliest, Blaney filed his first § 2254 petition in this Court. *See Jerry Blaney v. Rick Thaler*, No. 3:13-cv-1401-L-BN. The magistrate judge issued findings and conclusions, recommending the § 2254 petition be dismissed with prejudice on limitations grounds. The Court

denied Blaney's request for habeas relief with prejudice, denied a certificate of appealability (COA), and entered judgment on August 9, 2013.

In his current petition, Blaney argues: (1) he was arrested without a warrant or indictment after the statute of limitations period had expired; (2) he was "illegally tried," Pet. 1 (ECF No. 3), without an indictment; (3) Judge Ovard engaged in improper conduct at his pretrial hearing; (4) Judge Ovard and the state prosecutor falsified the evidence against him; (5) the clerks stole the grand jury records and NCIC records from the court; (6) Judge Ovard "struck," Pet. 2 (ECF No. 3), his alibi evidence; (7) Judge Ovard allowed his "blood enemy," Pet. 3 (ECF No. 3), to serve as a character witness; (8) a teacher lied during jury selection; (9) the appellate judge falsified his plea change and confession; (10) the trial transcripts were rewritten incorrectly; and (11) his case was improperly dismissed for failure to pay the filing fee.

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). To raise a claim in a second or successive § 2254 petition, a prisoner must show: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing

evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner files a successive petition in the District Court, a three-judge panel of the Fifth Circuit must determine whether he makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

A petition is deemed successive when it raises a claim that was or could have been raised in an earlier petition, or otherwise is an abuse of writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008). However, a second petition is not successive when the first petition was dismissed due to prematurity or for lack of exhaustion. *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998). This is so because "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id.* at 645.

Blaney's first petition was dismissed with prejudice on limitations grounds on August 9, 2013, and this was an adjudication on the merits. *See In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009) (per curiam); *see also Adams v. Thaler*, 679 F.3d 312, 322 (5th Cir. 2012) (citing *Flowers*, 595 F.3d at 205). Blaney's new claims should have and could have been addressed in his first petition. For example, he argues that he was arrested without a warrant or indictment after the statute of limitations period had expired. But

4

Blaney fails to demonstrate this claim was not available to him at the time he filed his first petition in March 2013. See *Hardemon,* 516 F.3d at 275.

In sum, Blaney raises claims that could have and should have been addressed in his initial petition. Therefore, the pending petition is successive. The Fifth Circuit has not issued an order authorizing this Court to consider Blaney's successive petition. Blaney must obtain such an order before he may file another petition for habeas relief under § 2254.

III.

The Court should TRANSFER Blaney's petition for a writ of habeas corpus to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps,* 127 F.3d 364, 365 (5th Cir. 1997).

**SO RECOMMENDED**

Signed May 30, 2023.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996)